WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna M Womack,<br><br>   Plaintiff,<br><br>v.<br><br>Cincinnati Bell, et al.,<br><br>   Defendants. | No. CV-19-05765-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant Cincinnati Bell's Motion to Dismiss for Failure to State a Claim or Alternative Motion for a More Definite Statement. (Doc. 27.) The Motion has been pending for more than two months, and Plaintiff Anna Womack has yet to file a Response. However, the Court has reviewed the underlying Complaint (Doc. 1) and can decide this issue without a Response or oral argument. *See* Fed.R.Civ.P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same). For the reasons expressed herein, the Court grants the Motion to Dismiss.

**I. BACKGROUND**

Anna Womack filed a Complaint using a court-provided form. (Doc. 1.) The Complaint alleges that Defendants retaliated against her by terminating her employment after she complained of sex discrimination. (*Id*. at 4-5.) She further alleges breach of contract, defamation of character, and discrimination. (*Id*. at 4.) In a supplement to the Complaint, Plaintiff alleges that a senior project manager admitted that he and a network engineering director at American Express received several discrimination complaints via

email. (Doc. 10 at 3.) Plaintiff does not specify the content of those emails or what the discrimination entailed.

## II. LEGAL ANALYSIS

### A. Legal Standard on a Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal for failure to state a claim is appropriate when there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "A pleading that offers . . . naked assertions devoid of further factual enhancement" does not state a claim "that is plausible on its face" and is thus subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks omitted).

Courts liberally construe the pleadings of *pro per* plaintiffs like Ms. Womack. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). This policy of leeway is not, however, unlimited. Plaintiff must still comply with the pleading standards outlined in the Federal Rules of Civil Procedure and applicable case law. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### B. Federal Discrimination and Retaliation Claims

Ms. Womack attempts to bring two causes of action under Title VII of the Civil Rights Act of 1964: discrimination and retaliation. To state a discrimination claim, Ms. Womack must allege that she (1) belongs to a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and that either (4) similarly situated men were treated more favorably or her position was filled by a man. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). While she does allege that she is a member of a protected class (female) and suffered an adverse employment action (firing), she does not allege facts that satisfy the other elements of this cause of action. Therefore, Ms. Womack has not stated a cognizable sex discrimination claim.

/ / /

A plaintiff states a Title VII retaliation claim by alleging that she was engaged in a protected activity, suffered an adverse employment action, and that there was a causal link between the protected activity and adverse action. *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2003). Ms. Womack does this by alleging that she complained of sex discrimination and was fired as a result. However, these assertions, without further factual enhancement, do not satisfy *Iqbal*'s plausibility standard. *See Iqbal*, 556 U.S. at 678. This is especially true with respect to Defendant Cincinnati Bell, whom Ms. Womack does not even allege is her employer.

The Court does not find that the federal claims are futile. However, if Ms. Womack chooses to file an amended complaint, she must explain with greater detail how the facts of her case apply to the elements of her causes of action.

### C. State Law Claims

Turning to the state law claims, the Complaint suffers from even greater frailty. Ms. Womack alleges no supporting facts for any of the state law claims. Defendants thus cannot evaluate or address the merits of the those causes of action.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendant Cincinnati Bell's Motion to Dismiss. (Doc. 27.) The Court dismisses without prejudice as to all Defendants.

**IT IS FURTHER ORDERED** allowing Plaintiff until April 21, 2020 to file an amended Complaint.

**IT IS FURTHER ORDERED** that should Plaintiff not file an amended Complaint by April 21, 2020, the Clerk of Court shall enter judgment, terminating the matter.

Dated this 31st day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge